# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

DARNELL EUGENE KING,     )
#04105-000,               )
                            )
           Petitioner,   )      Civil Action No. 0:06-1202-CMC-BM
v.                       )
                            )      **REPORT AND RECOMMENDATION**
WARDEN, FCI-WILLIAMSBURG,   )
*et al.,*                   )
                            )
          Respondents.  )
_____)

         This Petition for a writ of habeas corpus was filed on April 14, 2006, pursuant to 28 U.S.C. § 2241.[1]  Respondent filed a motion to dismiss pursuant to Rule 12, Fed.R.Civ.P. and/or for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on June 15, 2006.  As the Petitioner is proceeding pro se, a Roseboro order was entered by the Court on June 20, 2006, advising Petitioner of the importance of a motion for summary judgment and of the necessity for him to file an adequate response. Petitioner was specifically advised that if he failed to respond adequately, the Respondent's motion may be granted, thereby ending his case. Petitioner thereafter filed a memorandum in opposition to the motion on July 17, 2006.  This matter is now before the Court for disposition.[2]

---

      [1]Filing date under Houston v. Lack, 487 U.S. 266 (1988).  See Order filed May 2, 2006.

      [2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 19.02(B)(2)(c), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



### Discussion

Respondents have moved for summary judgment pursuant to Rule 12 (b) and Rule 56 (b), Fed.R.Civ.P., submitting that the entire petition is without merit. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; see Habeas Corpus Rules 5-7. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P. Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

### I.

Since the filing of this Petition, Petitioner has apparently been transferred to a federal correctional facility in Virginia. See Notices of Change of Address filed December 4 and 8, 2006. However, since a court's jurisdiction is determined at the time the action is filed, this Court retains jurisdiction over this § 2241 petition. See Mullen v. Torrance, 22 U.S. 537, 539 (1824)["The jurisdiction of the Court depends upon the state of things at the time of the action brought, and that



after vesting, it cannot be ousted by subsequent events"]; <u>American National Bank & Trust Co. v. Bailey</u>, 750 F.2d 577, 582 (7th Cir. 1984); <u>Scherl v. U.S. Parole Commission</u>, No. 92-7435, 1993 WL 258736 at * 2 (S.D.N.Y. July 7, 1993).

## II.

In his Petition, Petitioner challenges the decision of the United States Parole Commission denying his parole. Petitioner argues that Items A, B, C and D of his "Salient Factor Score" were scored wrong by his parole examiner, resulting in an incorrect Salient Factor Score

The record reveals that on September 30, 1992, the Petitioner was sentenced by the Superior Court for the District of Columbia to a term of twelve (12) to thirty-six (36) years for second degree murder, five (5) to fifteen (15) years for possession of a firearm during a crime of violence, concurrent, and a one (1) year concurrent term for carrying a pistol without a license. <u>See</u> <u>Respondent's Exhibit A</u>. Petitioner had a parole eligibility date of August 24, 2001, and received a parole hearing on March 27, 2001. <u>Respondents' Exhibit C</u>. Prior to the hearing, a pre-hearing assessment was prepared. <u>See</u> <u>Respondent's Exhibit B</u> (D.C. Initial Prehearing Assessment). In this pre-hearing assessment, a Parole Commission hearing examiner[3] calculated Petitioner's parole guidelines based on his criminal history and current offense behavior. In making this calculation, the examiner used the Salient Factor Score.

The Salient Factor Score "attempts to evaluate a prisoner's potential risk for violating parole." <u>Allen v. Hadden</u>, 738 F.2d 1102, 1103 (10th Cir. 1984). <u>See</u> 28 C.F.R. § 2.20, Chapter 13, Salient Factor Scoring Manual. The Salient Factor Score is determined by the following factors: (A)

---

[3]The U.S. Parole Commission assumed the responsibility of making parole release determinations for all eligible District of Columbia (D.C.) Code offenders on August 5, 1998. <u>See</u> D.C.Code § 24-131.



the number of prior convictions/adjudications; (B) the number of prior commitments of more than 30 days; (C) the inmate's age at commencement of the current offense/prior commitment of more than 30 days; (D) the length of recent commitment free period; (E) whether the inmate was on probation/parole/confinement/escape status at the time of the current offense; and (F) whether the inmate was forty-one (41) years of age or more at the commencement of the current offense. 28 C.F.R. § 2.20. The Salient Factor Score is then used to determine the Base Point Score. The Base Point Score is determined by adding the Salient Factor Score to the scores obtained by the examiner to determine whether the prisoner's current conviction involved violence against a person and whether a prior offense involved felony violence. The Base Point Score allows the Commission to calculate a Total Guideline Range, which is the total time a prisoner would be expected to serve until he would be suitable for parole. See 28 C.F.R. § 2.20.

    In calculating the Salient Factor Score portion of the guidelines, the hearing examiner determined that Petitioner's score should be a two based on Petitioner's prior criminal record. See Respondent's Exhibit B- 2. The hearing examiner determined that Petitioner had two prior juvenile convictions, a robbery conviction in 1990 and a conviction for unauthorized use of a vehicle and reckless driving in 1988. Petitioner initially received probation for both of these convictions. However, the entry for the 1988 conviction in the presentence report indicates as follows:

| | | |
|---|---|---|
| 1-18-88 | Unauthorized Use | 4-12-88 Prob. 1 yr.; |
| | Of a Vehicle Driver; | 8-1-89 prob Rvkd.; |
| | Reckless Driving | 5-24-90, case dismissed |

Presentence Report, p. 4.[4]

---

    [4]A copy of the presentence report has been provided *in camera* to the Court, and is contained in the case file in a manila folder addressed to the undersigned from the United States Department of Justice. A copy of this report has not been provided to the Petitioner because the Bureau of



Based on this entry, the examiner reasoned that Petitioner served a little over eight (8) months, from August 1, 1989 to May 24, 1990, as a result of a probation violation following this conviction. Since Petitioner had received probation for his 1990 conviction, the hearing examiner determined that Petitioner had one prior commitment based on the revocation of his probation from his 1988 conviction, and that with a Salient Factor Score of two, Petitioner's Base Point Score was nine, which carried guidelines of 110-140 months. See Respondent's Exhibit B-2, pp. 1-2; Exhibit B-1, p. 2.

Petitioner received his initial parole hearing on March 27, 2001. Respondent's Exhibit C. The report reflects that Petitioner admitted to the murder offense, and that a new conviction Petitioner had received while in prison for impeding a correctional officer, for which he was sentenced to an eight month concurrent term, was also discussed. Numerous institutional misconduct reports that Petitioner had incurred were also reviewed. The hearing examiner changed Petitioner's guidelines to 96-128 months for disciplinary infractions, and the Total Guideline Range was calculated as being 324-386 months. The hearing examiner then recommended that parole be denied and that Petitioner be continued to a three-year reconsideration hearing in August 2004. Id.

The United States Parole Commission concurred with the hearing examiner's recommendation and Petitioner was advised of the decision by a Notice of Action dated June 17, 2002. See Respondent's Exhibit D. The Notice explained how Petitioner's parole guidelines were calculated, and advised Petitioner that parole was denied and that he was continued to a three-year

---

Prisons policy prohibits inmates from receiving copies of their presentence reports. Respondents state that Petitioner may review his presentence report through his caseworker at the Institution, and it is readily apparent that Petitioner has had access to this report, since he quotes from the report in his opposition memorandum.



reconsideration hearing. Id.

Petitioner's reconsideration hearing was held in October 2004.  See Respondent's Exhibit E.  The hearing examiner noted that Petitioner had incurred one new disciplinary infraction from 2002, but also noted that Petitioner had participated in several programs, receiving a 15 month credit for Superior Program Achievement.  The hearing examiner applied the revised parole guidelines at 28 C.F.R. Section 2.80 and determined that Petitioner's guidelines were 309-373 months.  The hearing examiner then noted that Petitioner had served 156 months, and recommended that parole be denied and that Petitioner be continued to a three (3) year reconsideration hearing. Id.

This recommendation was reviewed by the Executive Hearing Examiner (EHE), who disagreed with the recommendation. Respondent's Exhibit E, p. 4.  The EHE noted that Petitioner's offense involved the death of the victim, that the Commission's procedures allowed for a 60-month set off for a re-hearing under those circumstances, and that after application of the 60-month set-off, Petitioner will have served 216 months, which was still well below his parole guideline range. The EHE therefore recommended continuation to a five (5) year reconsideration hearing. Id.

The Commission concurred with the new guidelines range of 309-373 months, and Petitioner was advised of the decision to deny him parole by a Notice of Action dated November 1, 2004.  See Respondent's Exhibit F.  The Notice also advised Petitioner that he was continued to a five year rehearing in October 2009.  Id.

Petitioner argues that his Guidelines have been incorrectly calculated because he has never had a prior commitment of more than 30 days, which effects Items A-D of his Salient Factor Calculations.  See Respondent's Exhibit B-2. Respondent concedes that Petitioner's claim regarding the calculation of his guidelines has some merit, as one portion of the guideline calculation is in

6



error.  However, Respondent argues that this error does not result in a change in Petitioner's Total Parole Guidelines, nor is Petitioner entitled to be released from custody, as requested in his Petition. After careful review and consideration of the Salient Factor Calculations, discussed hereinbelow, the undersigned is construed to agree with the Respondent that Petitioner has failed to meet his burden with respect to his claim.  Nevertheless, given Petitioner's pro se status, the undersigned further finds and recommends that the Respondent should be required to make a good faith effort to ensure the integrity of the record in Petitioner's file so that Petitioner receives the full benefit from the guidelines to which he is entitled.

### (Item A)

Item A of the Salient Factor Score scores the number of prior convictions.  The Commission counted two prior convictions for the Petitioner and gave Petitioner a score of one under this factor.  See Respondent's Exhibit B-2. The Parole Commission's Salient Factor Scoring Manual contains instructions for counting convictions for juvenile conduct.  See 28 C.F.R. § 2.20, Salient Factor Scoring Manual, Item A.  These instructions provide that all juvenile convictions are to be counted unless the conviction was for a status offense, e.g., runaway, truancy; but that criminal offenses committed at age 15 or less are not counted unless the offense resulted in a commitment of more than 30 days.  Pursuant to this standard, Respondent concedes that Petitioner's 1990 conviction should not have been counted, since Petitioner was 15 at the time and it did not involve Petitioner being committed for over 30 days.  With this correction, the score on Item A should have been two based on one prior conviction.

However, Petitioner contends that his January 1988 conviction also should not have been counted, because that conviction also did not result in a commitment.  The hearing examiner

7



counted the January 1988 conviction, even though Petitioner received probation, since his probation was revoked in August 1989. The examiner found that the record showing Petitioner's probation being revoked in August 1989 with the case not being dismissed until May 1990 meant that Petitioner was released from custody in May 1990 after serving a probation violation term. Petitioner argues, however, that he did not serve any time, but was instead immediately released back on probation after his arrest in August 1989 after the "problem" was cleared up. As support for his claim that he was not committed through May 1990, Petitioner notes that his presentence report reflects that he was arrested for disorderly conduct on April 4, 1990 (Petitioner contends that this charge was not papered and was dismissed). See Presentence Report, p. 5. While this is a reasonable argument, it does not, standing alone without any supporting documentation, provide a basis for overturning the Parole Commission's findings.

A federal court's review of a decision by the Commission is limited to an inquiry into whether a rational basis exists in the record for conclusions drawn in the Commission's statement of reasons for denial of parole; see Furnari v. Warden, 218 F.3d 250, 254 (3d Cir. 2000); and the Commission's decision should not be overturned "unless there is a clear showing of arbitrary and capricious action or an abuse of discretion." Kell v. United State Parole Comm'n, 26 F.3d 1016, 1019 (10th Cir. 1994), citing to Sotelo v. Hadden, 721 F.2d 700, 702 (10th Cir. 1983). Under this standard of review, a district court has no power to substitute its own discretion for that of the Commission. Evenstad v. U.S. Parole Com'n, 783 F.Supp. 1297, 199 (D.Kan. 1992)(citing Billiteri v. United States Board of Parole, 541 F.2d 938, 946 (2nd Cir. 1976)).

> While the court's review of a decision by the Commission clearly requires an examination of the evidence relied upon by the Commission to support its action, the factual inquiry is narrow. A court of review need only determine whether the information relied on by the Commission is sufficient to provide a factual basis for



8

its reasons. The inquiry is not whether the Commission's decision is supported by the preponderance of the evidence, or even by substantial evidence; the inquiry is only whether there is a rational basis in the record for the Commission's conclusions embodied in its statement of reasons. <u>Misasi v. United States Parole Com'n</u>, 835 F.2d 754, 758 (10th Cir. 1987)(quoting <u>Solomon v. Elsea</u>, 676 F.2d 282, 290 (7th Cir. 1982). The burden rests on petitioner to show the Commission abused its discretion and that such abuse resulted in an abridgement of petitioner's constitutional rights. <u>See</u> <u>Billiteri</u>, 541 F.2d at 943-944.

<u>Evenstad</u>, 783 F.Supp. at 1299-1300.

Here, while Petitioner has asserted that he did not serve over 30 days in custody when his probation was revoked in 1989, he has the burden of proof on this claim, and he has provided no evidence to support this assertion. His criminal record from his presentence report clearly reflects that his probation was "revoked" in August 1989. The disorderly conduct charge from April 1990 could have been from previous conduct, or even have been as a result of conduct which occurred while Petitioner was in custody. Further, even assuming that Petitioner was not incarcerated in April 1990, he still has not provided any evidence to show that he was released within 30 days of his arrest in August 1989 for the probation violation. Therefore, based upon the record before the Court, the undersigned cannot find that the Parole Commission's decision was arbitrary and capricious. As for the one point correction conceded by the Respondent, the Respondent contends that this error does not result in a different set of parole guidelines for the Petitioner, and the undersigned agrees. <u>See</u> discussion, <u>infra</u>.

### (Item B)

Item B counts prior commitments of more than 30 days (adult or juvenile). <u>See</u> 28 C.F.R. § 2.20 (Salient Factor Scoring Manual), Item B. The Commission counted the prior commitment when Petitioner violated the conditions of his probation in 1989 and was returned to custody. <u>See</u> discussion, <u>supra</u> (Item A). Although Petitioner alleges that he was not committed for

9



over 30 days when his probation was revoked, he has not produced evidence to support this assertion. See discussion, supra (Item A). Therefore, under Item B, Petitioner has not shown that the Parole Commission's decision was arbitrary and capricious.

### (Item C)

Item C scores the age at commencement of the current offense and the number of prior commitments. Again, Petitioner argues that he has no prior commitments. Under this Item, if a parole applicant was 19 years old or less, he receives a score of zero with any number of prior commitments. Petitioner was 16 when he committed the current offense. Therefore, he scored a zero for this item and it does not matter whether or not he had any prior commitments.

### (Item D)

Item D takes into account whether or not the parole applicant had a recent commitment free period in the three (3) years prior to the current offense. Petitioner again argues that he has no prior commitments. As previously discussed in Items A and B, however, the Commission found that Petitioner had one prior commitment when he served time for his probation violation beginning in 1989. See discussion, supra. The current offense was committed by Petitioner in October 1991. Therefore, Petitioner scored zero under Item D because he had one prior commitment that occurred less than three years prior to the current offense.

### Conclusion

The one acknowledged error in Item A results in a revised Salient Factor Score of Three. However, this revised Salient Factor Score does not change Petitioner's guidelines, as a revised Salient Factor Score of Three still indicates that Petitioner is a "poor risk" if paroled and results in him scoring the same number of points for the second calculation in the parole guidelines.



Under Category I of the Base Point Score, a Salient Factor Score of zero - three means that a parole applicant scores +3 points.  <u>See</u> Respondent's Exhibit pp. B-2, 2.  Therefore, this change does not result in a different Base Point Score.  Accordingly, the Petitioner has not met his burden of proof of showing that the Commission decision was arbitrary and/or capricious. Further, Petitioner is not, in any event, entitled to release from prison, part of his requested relief. Based on this finding, it is recommended that the Respondent's motion for summary judgment be **granted**, and that this case be **dismissed**.

Nevertheless, even though Petitioner has no entitlement to release from prison, it does appear that the question of whether Petitioner actually served a minimum 30 day custody sentence following his probation revocation in August 1989 is one that can be answered by a review of the relevant records from his conviction.[5]  An "assumption" of what occurred by the examiner does not appear to be necessary, provided the records from this charge and conviction still exist.  The Respondent should therefore be required to make a good faith effort to obtain these records, and to definitively substantiate or debunk Petitioner's claim.  If these records confirm that Petitioner did not serve a minimum 30 day commitment following his probation revocation in August, 1989,

---

[5]A review of the exhibits reveals that Petitioner attempted to obtain these records from the DC Superior Court, but was unsuccessful due to use of an invalid criminal case number.



Respondent should be required to recalculate his guidelines accordingly.

        The parties are referred to the Notice Page attached hereto.

_____

Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

January 10, 2007

12



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

13
